

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

JAY NEIL, *et al.*           )
                           )
      Plaintiffs,       )
                           )    Civil Action No. 1:13-cv-644
     v.                 )
                           )
WELLS FARGO BANK N/A, *et al.* )
                           )
      Defendants.       )

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants BWW Law Group, LLC ("BWW") and Wells Fargo Bank, N.A.'s ("Wells Fargo") (collectively "Defendants") Motion to Dismiss Plaintiffs Jay and Erika Neil's ("Plaintiffs") First Amended Complaint ("Complaint"), Plaintiffs' Opposition to Defendants' Motion to Dismiss, and Defendants' Reply in Support of Their Motion to Dismiss. This action stems from the foreclosure of a property located at 15284 Surrey House Way, Centreville, Virginia ("Property") for which Plaintiffs executed a Deed of Trust and secured a promissory note in the amount of $604,000.

On June 17, 2005, Plaintiffs obtained a loan in the amount of $604,000, secured by a Deed of Trust on the Property. Wells Fargo was the original lender and servicing agent for this loan. On November 1, 2009, Plaintiffs applied for a loan modification under the Home Affordable Modification Program ("HAMP") and

signed a Trial Period Plan ("TPP"). Plaintiffs claim Wells Fargo

representatives promised Plaintiffs that they would receive a

permanent loan modification if they continued to make timely TPP

monthly payments. Wells Fargo denied Plaintiffs' request for a

modification on September 1, 2010. On March 7, 2013, the

Property was purchased at a foreclosure sale by Defendant Banc

of America Funding Corp., 2005-4 Trust. In their ten-count

Complaint, Plaintiffs seek to overturn the foreclosure sale,

claiming they were entitled to a loan modification under HAMP.

Defendants now move to dismiss the Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). Defendants contend

that Plaintiffs have no legal right to a loan modification under

HAMP and plead no other basis to challenge the foreclosure sale

of the Property. On these grounds, Defendants allege that

Plaintiffs have failed to state a claim for relief and that the

Complaint should therefore be dismissed with prejudice.

In order to survive a Federal Rule of Civil Procedure Rule

12(b)(6) motion to dismiss a complaint must set forth "a claim

for relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 547 (2007). The court does not have to

accept "unwarranted inferences, unreasonable conclusions, or

arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,

213 F.3d 175, 180 (4th Cir. 2000). A claim is facially plausible

"when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 555. Further, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).

Plaintiffs have conceded their claims for Breach of the Covenant of Good Faith and Fair Dealing (Count VI), Promissory Estoppel (Count VII), and Violation of RESPA (Count X). Therefore, these claims should be dismissed with prejudice.

Count I of Plaintiffs' Complaint alleges Breach of Contract. Plaintiffs claim Wells Fargo breached its contractual obligations under the TPP, including its obligation to provide Plaintiffs a permanent loan modification. This claim fails because Plaintiffs have no contractual right to a loan modification. Nash v. Green Tree Servicing, LLC, 2013 U.S. Dist. LEXIS 63157 (E.D. Va. May 2, 2013); Asbury v. America's Servicing Co., 2011 U.S. Dist. LEXIS 87552 (E.D. Va. July 12, 2011). Moreover, the TPP merely required Plaintiffs to remit mortgage payments – something they were already required to do. Therefore, the TPP is not supported by consideration and does

not constitute an enforceable contract. <u>Zeller v. Aurora Loan</u>
<u>Servs.</u>, 2011 Va. Cir. LEXIS 210 (Mar. 9, 2011). Accordingly,
the Court grants Defendants' Motion to Dismiss as to the Breach
of Contract claim in Count I.

Count II of Plaintiffs' Complaint alleges Slander of Title.
To prevail in a cause of action for slander of title under
Virginia law, a plaintiff is required to allege facts showing
"(1) the uttering and publication of the slanderous words by the
defendant, (2) the falsity of the words, (3) malice, (4) and
special damages." <u>Allison v. Shapiro & Burson, LLP</u>, 2009 U.S.
Dist. LEXIS 108040 (W.D. Va. Nov. 19, 2009) (quoting <u>Lodal v.</u>
<u>Verizon Va., Inc.</u>, 74 Va. Cir. 110, 2007 WL 1360893, at *5 (Va.
Cir. Ct. 2007)). Plaintiffs fail to allege slanderous or false
words and concede that they were not current on the Note at the
time of the foreclosure sale. The foreclosure sale occurred
because the Plaintiffs were in default; thus, no cause of action
arises under Slander of Title. Accordingly, the Court grants
Defendants' Motion to Dismiss as to the Slander of Title claim
in Count II.

Count III of Plaintiffs' Complaint alleges Abuse of
Process. Plaintiffs claim that Defendants abused the process to
force Plaintiffs into accepting usurious terms on any delinquent
amount Defendants indicated was past due. This claim fails
because Plaintiffs were merely asked to make payments under the

original terms of their loan. The Court grants Defendants'
Motion to Dismiss as to the Abuse of Process claim in Count III.

Count IV of Plaintiffs' Complaint is a claim to Remove
Cloud on Title. This claim fails because Plaintiffs do not
allege that they have satisfied the debt encumbering the
Property. Accordingly, the Court grants Defendants' Motion to
Dismiss as to the claim to Remove Cloud on Title in Count IV.

Count V of Plaintiffs' Complaint alleges Tortious
Interference with Contract. "A principal and an agent are not
separate persons for purposes of a conspiracy or tortious
interference action and, likewise, cannot conspire with each
other or interfere with their own contractual relationship."
Ashco Int'l Inc. v. Westmore Shopping Ctr. Assoc., 42 Va. Cir.
427 (1997) (citing Brauer Co. v. Nationsbank of Va., 466 S.E.2d
382 (1996)). Wells Fargo serviced the loan as an agent of the
lender and acted within the scope of its agency when processing
Plaintiffs' request for a loan modification. Therefore, as an
agent of the lender, Wells Fargo cannot interfere with the
relationship between the lender and borrower. Accordingly, the
Court grants Defendants' Motion to Dismiss as to the Tortious
Interference with Contract claim in Count V.

Count VIII of Plaintiffs' Complaint alleges Breach of
Fiduciary Duty. Without a successful modification, Wells Fargo
was free to exercise all the rights and remedies under the Note

and Deed of Trust. Plaintiffs were in default, and Equity Trustee's, LLC properly proceeded with the foreclosure sale. Therefore, this claim must be dismissed. Accordingly, the Court grants Defendants' Motion to Dismiss as to the Breach of Fiduciary Duty claim in Count VIII.

Count IX of Plaintiffs' Complaint alleges Equitable Action to Rescind the Sale. There is no equitable claim to rescind a foreclosure sale in Virginia. Accordingly, the Court grants Defendants' Motion to Dismiss as to the claim for Equitable Action to Rescind the Sale in Count V.

For the aforementioned reasons, the Court will grant Defendants' Motion to Dismiss.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September __4__, 2013