IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAY NEIL, et al.,

    Plaintiffs,

v.     Civil Action No. 1:13-cv-0644

WELLS FARGO BANK N/A, et al.,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Summary Judgment; Defendant Equity Trustees, L.L.C.'s ("Equity Trustees") Motion for Summary Judgment; Defendant BWW-Law Group, LLC's ("BWW") Motion for Summary Judgment; Plaintiffs Jay and Erika Neil's ("Plaintiffs" or "the Neils") Motion for Summary Judgment as to Counts I and IV; and Plaintiffs' Motion for Summary Judgment as to Defendants' Counterclaim.[1]

---

[1] Defendant Banc of America Funding Corp 2005-4 ("BOAFC") has not moved for summary judgment. This is likely because, as a trust, BOAFC does have the capacity to sue or be sued under the Federal Rules of Civil Procedure or under Virginia law. Fed. R. Civ. P. 17(b); Krzyston's Adm'r v. Teamsters Joint Counsel No. 83 of Virginia Pension Fund, 3 Va. Cir. 479, 480 (Va. Cir. 1976). Because BOAFC cannot be brought as a party before this

In 2005, the Neils purchased a home located at 15284 Surrey House Way, Centreville, Virginia, 20120. In order to finance the purchase of the home, Wells Fargo provided the Neils with a $604,000 Note secured by a Deed of Trust. In April 2009, in need of help, the Neils applied for mortgage assistance from Wells Fargo. In October 2009, the Neils received from Wells Fargo an offer for a modification, titled "Home Affordable Modification Program Loan Trial Period" ("Trial Period Plan" or "TPP"). This offer promised the Neils the help they needed: if they followed the steps outlined and qualified for a modification, their monthly payments would be permanently reduced and they could avoid foreclosure.

On October 27, 2009, pursuant to the TPP, the Neils provided the necessary financial information and made the first of three trial payments at a reduced rate, which the Neils continued to make beyond the trial period pending a final decision by Wells Fargo. On September 3, 2010, Wells Fargo notified the Neils that they did not qualify under the federal Home Affordable Modification Program ("HAMP"). In order to be eligible for a modification under HAMP, a lender is required to calculate the net present value ("NPV") of the modified loan in

---

Court, it is entitled to summary judgment. See Thompson v. City of Danville, Va., No. 4:10CV00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) aff'd, 457 F. App'x 221 (4th Cir. 2011) (holding that summary judgment was appropriate where a party did have capacity to sue or be sued under Virginia law).

order to determine whether modification is likely to be more profitable to the lender than foreclosure. If the NPV is positive, the lender is required to modify the loan. Where an NPV is negative, the lender may deny the modification and proceed to foreclosure. The Neils' NPV was negative and, thus, they were denied a permanent modification.

By letter dated March 28, 2010, following the three-month trial period, but before the Neils were denied the modification, the Neils were informed that, due to not making their full payment while under the TPP, they were behind on their loan repayment and in default. Wells Fargo informed the Neils of the default, the acceleration of their loan, and their right to cure. The Neils were not able to satisfy the loan in full and, on March 7, 2013, the property was sold in foreclosure.

Upon appeal of an earlier dismissal, the United States Court of Appeals for the Fourth Circuit held that the TPP constituted an enforceable contract and remanded for a determination of the parties' obligations. Of the ten counts named in the Amended Complaint, only four were appealed and are thus currently before the Court: breach of contract (Count I), slander of title (Count II), abuse of process (Count III), and remove cloud on title (Count IV). Additionally, Defendants' Amended Answer includes a one-count counterclaim for breach of contract against the Neils.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence before the court show no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). While the court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

As to Count I, breach of contract, Plaintiffs believe the TPP created a contractual obligation for Wells Fargo to modify their loan agreement. In the course of their appeal, the Neils conceded that HAMP did not allow for the kind of private cause of action they are pursuing and they were instead seeking a non-HAMP modification of their loan. Neil v. Wells Fargo Bank, N.A., 596 F. App'x 194, 196 n. 3 (4th Cir. 2014). Plaintiffs believe that the TPP was a non-HAMP modification process and, because it did not mention calculating the loan's NPV as a condition for eligibility, the NPV was not a proper basis for denial. In fact, in Plaintiff's view, so long as the personal financial information provided by the Neils remained true and the Neils timely made three reduced payments under the TPP,

Wells Fargo had no right to deny the modification. Wells Fargo's denial of the modification thus constituted a breach of the contract.

The Neils' understanding of the contract does not comport with the reality of the TPP. Most obviously, the TPP was titled "Home Affordable Modification Program Loan Trial Period," which contradicts the Neils' theory that the TPP is a non-HAMP route to modification. Additionally, the TPP states: "I understand and consent to the disclosure of my personal information and the terms of this Trial Period Plan and the Modification Agreement by Lender to . . . companies that perform support services for the Home Affordable Modification Program. . . ." The Court cannot fathom a reason why a non-HAMP plan would need to disclose personal information to companies that provide HAMP support services. Finally, although outside of the four-corners of the TPP, the Court finds the Neil's position unlikely in light of the fact that the TPP was delivered simultaneously with a letter that states: "If you qualify under the federal government's Home Affordable Modification program and comply with the terms of the Trial Period Plan, we will modify your mortgage loan and you can avoid foreclosure." While the TPP could have been clearer, the Court finds it was offering a modification under HAMP and no non-HAMP option was available. As such, calculation of the NPV was a requirement under HAMP and

was an implied condition for modification. Because the NPV was negative, Wells Fargo had the right to deny the modification and did not breach the contract by doing so. Accordingly, Wells Fargo is entitled to summary judgment as to Count I.

Count II of Plaintiffs' Amended Complaint alleges slander of title. To prevail in a cause of action for slander of title under Virginia law, a plaintiff is required to allege facts showing "(1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, (4) and special damages." <u>Allison v. Shapiro & Burson, LLP</u>, 2009 U.S. Dist. LEXIS 108040, 2009 WL 4015410 (W.D.Va. Nov. 19, 2009) (quoting <u>Lodal v. Verizon Va., Inc.</u>, 74 Va. Cir. 110, at *3 (Va. Cir. Ct. 2007)). Plaintiffs theory of liability is that "by recording the Trustee's Deed, Defendant's (sic) maliciously published false words, which disparaged Plaintiff's title to the Property—namely that there was a default in the underlying loan documents." Count II is alleged against all Defendants.

The Trustee's Deed was executed, signed and recorded by Defendant Equity Trustees, as Substitute Trustee. The statements made by the Trustee's Deed are thus only attributable to Equity Trustees and no other Defendants. For this reason alone, Wells Fargo is entitled to summary judgment as to Count II.

Similarly, BWW only served as counsel to Equity Trustees and prepared the Trustee's Deed on behalf on Equity Trustees in the course of its representation. An attorney's liability for damages is generally limited to their client and does not extend to third parties. Ayyildiz v. Kidd, 266 S.E.2d 108, 112 (Va. 1980). The Court finds no special circumstances that warrant finding BWW liable for actions it took in the course of its representation of Equity Trustees. Accordingly, BWW is entitled to summary judgment as to Count II.

As for Equity Trustees, the only defendant that could rightfully be said to have uttered a statement by the Trustee's Deed, the Neils discounted liability against Equity Trustees in the course of discovery. On June 5, 2015, counsel for the Neils provided the following interrogatory responses:

> 7. State all facts and identify all persons and documents which support Equity Trustees, LLC's liability for any of your claims in this litigation.
>
> Response: None
>
> 8. State all facts and identify all persons and documents which support your allegation, if any, that Equity Trustees, LLC slandered title, including but not limited to, the alleged slanderous words, that those words were spoken with actual malice, and the alleged special damages.
>
> Response: None . . . .
>
> 15. Identify all damages you are seeking in this litigation against Equity Trustees, including the basis for each of the claimed damages, the amount of such damages, and how those damages were calculated.

Response: None

Based on Plaintiffs' responses to these interrogatories, the Court finds no basis for holding Equity Trustees liable. Accordingly, Equity Trustees is entitled to summary judgment as to Count II.

Count III of Plaintiffs' Amended Complaint alleges abuse of process against Wells Fargo. In order to establish a claim of abuse of process, Plaintiff must show "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." Montgomery v. McDaniel, 628 S.E.2d 529, 532 (Va. 2006) (quoting Donohoe Constr. Co. v. Mount Vernon Assocs., 369 S.E.2d 857, 862 (Va. 1988)). The Neils alleged that Wells Fargo abused process "[b]y recording the documents amount the land records of the Circuit Court of Fairfax County . . . for an improper purpose, namely, as a whip to force the Plaintiff into accepting egregious and usurious terms on any delinquent amount that the Defendants indicated was past due."

"Process," as used in this sense, is synonymous with "legal process" or "judicial process," and refers to a compulsory issuance by a court. Ross v. Peck Iron & Metal Co., 264 F.2d 262, 267-68 (4th Cir. 1959); see also Donohoe, 369 S.E.2d at 862 ("The distinctive nature of malicious abuse of process lies in

the perversion of regularly-issued process . . . ."); <u>Glidewell v. Murray-Lacy & Co.</u>, 98 S.E. 665, 670 (Va. 1919) ("We need hardly repeat that an action for abuse of process presupposes an originally valid and regular process, duly and properly issued."); Black's Law Dictionary, Abridged, 1040 (9th ed. 2010). Here, the recordation of land records is a non-judicial action that does not constitute process; Wells Fargo caused no process to issue forth from a court. Accordingly, Wells Fargo is entitled to summary judgment as to Count III.

Count IV of Plaintiffs' Amended Complaint is an action to remove cloud on title. The basis of Plaintiffs' allegation that Wells Fargo has clouded their title is that "Defendants have placed documents among the land records that contain false statements [and] were executed without proper authority in violation of Virginia's recording requirements." The false statement alleged is the Neils' default on the Deed of Trust, which, in Plaintiffs' view, did not occur because Wells Fargo breached the TPP. Having ruled that Wells Fargo did not breach the TPP because the TPP did not require Wells Fargo to grant a modification, the Neils were in default and there is no cloud to be removed. Accordingly, Wells Fargo is entitled to summary judgment as to Count IV.

In its Amended Answer, Defendants asserts a counterclaim against the Neils for breach of contract. The theory of this

claim is that the Neils were contractually obligated by the Note and Deed of Trust to make monthly payments to repay the Note, and the Neils failed to make such payments, which constituted a breach.  The Neils' default resulted in the home being sold in foreclosure and, because the sale of the home did not fully satisfy the Note, Wells Fargo alleges the deficiency as damages resulting from the Neils' breach.  Plaintiffs, as Counter-Defendants, have moved for summary judgment on the counterclaim.

The Court rejects the Neils' argument that Wells Fargo, as servicing agent of the Note and with power of attorney, does not have standing to seek the deficiency.  The power of attorney granted by U.S. Bank as Trustee explicitly states that Wells Fargo shall have the authority "to demand, sue for, collect, and receive each and every sum of money . . . belonging or claimed by U.S. Bank as Trustee."  Additionally, the Deed of Trust specifically defines Loan Servicer as the party to collect payments due.  The amount of deficiency, however, is a material fact that remains in dispute.  Accordingly, summary judgment would not be proper.  Having ruled on all claims in the Amended Complaint, only the counterclaim shall proceed to trial and it is hereby

ORDERED that Defendants' Motions for Summary Judgment are

GRANTED and Plaintiff's Motions for Summary Judgment are DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 20, 2015